UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-80658-CV-SMITH
MAGISTRATE JUDGE REID

MAXIMO GOMEZ,

    Plaintiff

v.

OFFICER CHRISTOPHER BURGESS,

    Defendant

_____/

## **REPORT OF MAGISTRATE JUDGE**

### I.    Introduction

This Cause comes before the Court upon the *pro se* Plaintiff's amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983. [ECF No. 14]. Plaintiff raises excessive force claims against a correctional officer for an incident that occurred while he was confined at South Bay Correctional Facility (South Bay). [*Id*.]. Plaintiff is currently housed at Martin Correctional Institution. The Court granted Plaintiff's request to proceed *in forma pauperis* and established a debt in the amount of $350.00. [ECF Nos. 3, 18].

The case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding

dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); and S.D. Fla. Admin. Order 2019-2.

For the reasons stated herein, the Undersigned recommends that this matter PROCEED against Officer Burgess.

## II.    Standard of Review

Under either 28 U.S.C. § 1915(e)(2)(B)(ii) or 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Attorney,* 693 F. App'x 784, 785 (11th Cir. 2017) (*per curiam*), cert. denied*, Maps v. Fernandez-Rundle*, 138 S. Ct. 450 (2017). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda*, 740 F. App'x at 694 (11th Cir. 2018) (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*). Although a *pro se* pleading is

liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless, have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*) (quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." *Id*. at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted) (ellipses in original). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Courts must remain neutral since their "role is not to create arguments for adjudication" on behalf of a party "but rather . . . to adjudicate those arguments" and decline the "invitation to serve as advocates" even when a party is unrepresented. *Republican Nat'l Comm. v. FEC (In re Anh Cao)*, 619 F.3d 410, 435 (5th Cir. 2010); *see also Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). A district court may not rewrite a pleading to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). The court may also not construct a litigant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993); or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

4

### III.   Facts Set Forth in the Amended Complaint [ECF No. 14]

#### A. *Events Alleged on April 13, 2019, Involving Defendant Burgess*

Plaintiff brings this § 1983 action against Christopher Burgess, a correctional officer assigned to South Bay, in his individual capacity. [ECF No. 14 at 2, 15]. Plaintiff alleges that on [or about] April 13, 2019, at approximately 12:28 p.m., in M Dorm Cell No. 4209 at South Bay, Burgess' actions against him amounted to excessive force, assault and battery, and sexual battery. [ECF No. 14 at 5, 8].

The day of the incident, Burgess, Officer F. Hopson, Officer Warren, and another unnamed officer popped Plaintiff's cell door open without placing handcuffs on him and without any authorization from the shift supervisor. [*Id*. at 17]. Burgess entered the cell followed by Officer Hopson. [*Id*. at 18]. According to Plaintiff, Defendant Burgess slapped him repeatedly in his face and "[ran] his face against the wall" causing his face to swell and destroying his glasses. [*Id*. at 17-18]. Plaintiff claims he tried to cover himself but Burgess "smashed his face and head against the wall causing [him] to cry in pain." [*Id*. at 18]. As the officers left his cell, Plaintiff attempted to close the cell door, but Burgess pushed Plaintiff back, re-entered the cell, and began attacking him again by slapping him in the face. [*Id*. at 18-19]. "Burgess then started ripping Plaintiff['s] . . . clothes off and stuck his hands into Plaintiff['s] rectum calling [him] foul names." [*Id*. at 19]. Burgess, eventually, exited the cell with Plaintiff's "ripped clothes in his hands." [*Id*.].

5

Plaintiff filed a grievance and an investigation commenced. [*Id*.]. Plaintiff claims that Burgess was no longer permitted to work around him. [*Id*.]. Plaintiff claims he suffered head trauma, contusions and bruising of his face and ribs, a swollen face and head, "psychological trauma and mental anguish including depression, panic attacks, and nightmares of the assault," "humiliation," and "emotional trauma." [*Id*. at 6, 17, 20].

### B. Events Alleged on May 13, 2019

Plaintiff alleges that, on May 13, 2019, when he and another inmate signed up for "confinement rec," they were pulled out of the cell by Officer Hopson. [*Id*.]. Plaintiff generally alleges he was attacked for nearly forty-five minutes. [*Id*.]. However, Plaintiff does not identify who attacked him, where it occurred, whether any officers were present, or any other details of the attack. [*Id*.]. Plaintiff claims that he had to be rushed to Lakeland Hospital with head trauma and contusions on his back, ribs, and face. [*Id*. at 20]. When Plaintiff returned from the hospital, Inspector General Ericka Williams felt he was unsafe at South Bay given the events and arranged for an emergency transfer to Martin Correctional Institution. [*Id*. at 20].

Along with his amended complaint, Plaintiff submitted various exhibits to support his claims including copies of his grievances, responses to grievances, a disciplinary report, and requests for medical records. [*Id*. at 23-40].

Plaintiff seeks $90,000 in compensatory damages, $180,000 in punitive damages, attorneys' fees, and the costs of litigation. [*Id*. at 6, 21].

## IV.    Discussion – Identifying Plaintiff's Claims

### C. Excessive Force and Battery Claims Against Defendant Burgess

1. Excessive Force Claim in Violation of the Eighth Amendment.

Whenever prison officials stand accused of using excessive physical force constituting "the unnecessary and wanton infliction of pain," the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Applying this standard, courts consider: (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) "the extent of the injury inflicted upon the prisoner"; (4) "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them"; and (5) "any efforts made to temper the severity of a forceful response." *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007) (*per curiam*) (citations omitted).

Plaintiff has sued Burgess in his individual capacity alleging excessive force, assault and battery, and sexual battery; and his allegations, must be accepted as true at this stage of the proceedings.

Eighth Amendment claims based on *de minimus* uses of physical force, however, are not cognizable unless they involve force that is "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Moreover, although a lack of injury "is not conclusive about the presence or absence of constitutional violation [,] a lack of serious injury can illustrate how much force was actually used." *Walker v. City of Orlando*, 368 F. App'x 955, 956 n.1 (11th Cir. 2010) (internal citation omitted); *see also Stephens v. Broward Sheriff's Office*, 2014 WL 7779275, at *6 (S.D. Fla. 2014) (considering injury to the extent that it "inform[s] the Court as to the force used by the defendant during the course of the encounter."). While nominal damages may be appropriate in the absence of physical injury, that still requires the "violation of a fundamental constitutional right." *Hughes v. Lott*, 350 1157, 1162 (11th Cir. 2003).

Thus, a prisoner "who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (citing *Hudson* at 9). Such an encounter involving only *de minimus* force is "insufficient, as a matter of law, to state a constitutional violation." *Bryan v. Spillman*, 217 F. App'x 882, 886 (11th Cir. 2007). Not "every malevolent touch . . . gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.

Here, however, Plaintiff has sufficiently established more than *de minimus* force for the April 13, 2019, incident where Burgess beat him, smashed his head into a wall numerous times, stripped him of his clothing, and put his hands into Plaintiff's rectum. Accordingly, Plaintiff's federal claims against Burgess for use of excessive force should PROCEED.

2. <u>State Tort Claims for Assault and Battery Against Defendant Burgess</u>

The Eleventh Circuit recently outlined the state tort claims of assault and battery as occurring within the context of a Section 1983 action:

> an assault is "an intentional, unlawful offer of corporal injury to another by force, or exertion of force directed toward another under such circumstances as to create a reasonable fear of imminent peril." *Sullivan v. Atl. Fed. Sav. & Loan Ass'n*, 454 So. 2d 52, 54 (Fla. Dist. Ct. App. 1984). A battery is "the infliction of a harmful or offensive contact upon another with the intent to cause such contact or the apprehension that such contact is imminent." *Quilling v. Price*, 894 So. 2d 1061, 1063 (Fla. Dist. Ct. App. 2005). To determine whether an officer's actions are an assault and battery, courts inquire whether the officer's use of force was reasonable. *City of Miami v. Sanders*, 672 So. 2d 46, 47 (Fla. Dist. Ct. App. 1996) (applying the reasonableness standard to battery); *City of Fort Pierce v. Cooper*, 190 So. 2d 12, 14 (Fla. Dist. Ct. App. 1966) (applying the reasonableness standard to assault).

*Pena v. Marcus*, 715 F. App'x 981, 988 (11th Cir. 2017).

Only where a plaintiff's allegations are sufficient to state a claim under § 1983 for excessive force are they are also sufficient to state the parallel claim of battery under Florida law. *Detris v. Coats*, 523 F. App'x 612 (11th Cir. 2013) (citing *City of*

*Miami v. Sanders*, 672 So. 2d at 47 (holding in analogous context that "[i]f excessive force is used in an arrest, the ordinarily protected use of force by a police officer is transformed into a battery"). Similarly, sexual assault amounts to tortious conduct in Florida. *Malicki v. Doe*, 814 So. 2d 347 (Fla. 1st DCA 1997). Also, "Florida law equates sexual battery with an intentional tort." *Doe v. Celebrity Cruises, Inc*., 394 F.3d 891 (11th Cir. 2004) (citations omitted).

As narrated above, Burgess' actions, as alleged by Plaintiff are unreasonable and sufficiently present a claim of excessive use of force under § 1983. Therefore, it follows that Plaintiff's state claims of assault and battery against Burgess should PROCEED.

3. Events Alleged on May 13, 2019

As to the incident alleged to have occurred on May 13, 2019, Plaintiff names no other defendant in his amended complaint. [ECF No. 14]. To that extent, the allegations are presented in a "shotgun" fashion, which is impermissible. Furthermore, Plaintiff does not attribute this incident to Burgess nor is it apparent that the two incidents are related. Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Second, there must be a "question of law or fact common to all

10

defendants" in the action. Fed. R. Civ. P. 20(a)(2). Both prongs of the test must be met for joinder to be appropriate.

Upon review of the complaint, it is not readily apparent how the various claims arise from the same transaction. A lawsuit against multiple defendants based on unrelated events would create case management problems, would prejudice the defendants, and would be fundamentally unfair. At the very least, because of the unrelated occurrences that give rise to these claims, it is likely that the defendants will present unique defenses that will require different evidence. Claims that arise out of unrelated transactions or occurrences must be filed as separate actions subject to different case numbers and filing fees. For this reason, granting Plaintiff further leave to amend the complaint to include additional defendants for this incident would likely be improper.

Accordingly, at this juncture, any claims related to the incident which occurred on May 13, 2019, would be properly DISMISSED without prejudice as improperly pled and based on misjoinder.

### D. Failure to Protect Claims

For a prison or jail official to be constitutionally liable for failure to protect the safety of an inmate, two requirements must be met. First, the deprivation alleged must be, objectively, "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Hudson v. McMillian*, 503 U.S. 1 (1992). Thus, for a claim based on an

11

alleged failure to prevent harm, an inmate must show that he is or was incarcerated under conditions that pose a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he protection [an inmate] is afforded against other inmates" is a "condition of confinement" subject to scrutiny under the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. at 303. Second, the prison official who ignores a substantial risk of serious harm to an inmate must have a "sufficiently culpable state of mind," *Farmer v. Brennan,* 511 U.S. at 834. In cases predicated on prison conditions, that state of mind is one of "deliberate indifference" to the inmate's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Traditionally, applicable authorities have described "deliberate indifference" as a state of mind more blameworthy than mere negligence or even gross negligence, *Davidson v. Cannon*, 474 U.S. 344 (1976); *Estelle*, 429 U.S. at 104; *Parker v. Williams*, 862 F.2d 1471 (11th Cir. 1989), and as something more than a lack of ordinary due care for a prisoner's safety. *Whitley v. Albers*, 475 U.S. 312 (1986).

Thus, in order to state a claim of cruel and unusual punishment, the courts have required that a prisoner must allege a conscious or callous indifference to his rights by prison officials. *Davidson v. Cannon, supra*; *Brown v. Hughes*, 894 F.2d 1533, 1537-38 (11th Cir. 1990); *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982). Only such a

12

degree of disregard for the prisoner's rights, which offends evolving contemporary standards of decency and is repugnant to the conscience of mankind, separates official conduct that is actionable under Section 1983 from simple negligence which is not. When the plaintiff fails to allege and show proof of such an abuse, what may be an ordinary tort does not rise to the level of a constitutional violation actionable under § 1983. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Estelle v. Gamble*, 429 U.S. at 106; *Byrd v. Clark*, 783 F.2d 1002, 1006 (11th Cir. 1986); *Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985); *Williams v. Bennett*, 689 F.2d at 1380.

The Supreme Court emphasized that Eighth Amendment liability requires a showing that the responsible official was subjectively conscious of risk to the inmate:

> We hold . . . that a prison official cannot be liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to an inmate's health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837; *see also, LaMarca v. Turner*, 995 F.2d 1535, 1536 (11th Cir. 1993).

Thus, there must be an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation. *See Zatler v.*

13

*Wainwright*, 802 F.2d at 401. *See also LaMarca v. Turner*, 995 F.2d at 1536. The defendant prison official must, however, ignore a substantial risk of serious harm to the inmate.

Here, as narrated above, Plaintiff alleges that, during the April 13 incident, there were at least three additional officers present who opened his cell door. Plaintiff claims that Officer Hopson followed Burgess into the cell when the beating commenced and exited at the same time. It does not appear that Hopson followed Burgess into the cell the second time. While Plaintiff's account indicates that the three officers did nothing during the time of the beating, he names no one else in his amended complaint. While this Court is not unsympathetic to Plaintiff's allegations, the Court is unable to rewrite Plaintiff's complaint "to include claims" or name defendants he did not present. *Barnett v. Hargett*, 174 F.3d at 1133.

At this juncture, Plaintiff fails to attribute any failure to protect claims against any named defendant.

### E.  Mental and Emotional Injuries

Title 42 U.S.C. § 1997e(e) provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

The Eleventh Circuit has determined that the phrase "federal civil actions" means all federal claims, including constitutional claims. *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2000) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*).

To satisfy § 1997e(e), a prisoner must allege physical injury that is more than *de minimus*, but the injury need not be significant. *See Harris v. Garner*, 190 F.3d 1279, 1282, 1286-87 (11th Cir. 1999) *reh'g en banc granted, vacated*, 197 F.3d 1059 (11th Cir. 1999), reinstated in relevant part, 216 F.3d 970 (11th Cir. 2000) (*en banc*). Section § 1997e(e) is an affirmative defense but comes within the purview of the district court's screening under the PLRA where the allegations of the complaint show that it would bar recovery. *See Douglas v. Yates*, 535 F.3d 1316, 1320-21 (11th Cir. 2008); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007).

The Eleventh Circuit has not adopted a definition of *de minimus*. *Thompson v. Sec'y, Fla. Dep't of Corr.*, 551 F. App'x 555, 557 n.3 (11th Cir. 2014); *see also Chatham v. Adcock*, 334 F. App'x 281, 284 (11th Cir. 2009) ("The meaning of the phrase 'greater than *de minimus*,'... is far from clear"). The Court noted, however, that it has been described as "'an observable or diagnosable medical condition requiring treatment by a medical care professional.'" *Id*. (*citing Luong v. Hatt*, 979 F.Supp. 481 (N.D. Tex. 1997).

Here, Plaintiff alleges serious physical injuries (head trauma, contusions, and bruising) resulting from alleged constitutional violations that are more than *de minimus*. As such, Plaintiff's claims for any mental or emotional injuries allegedly resulting from the April 13, 2019, incident attributable to Defendant Burgess should PROCEED.

### F.  Punitive Damages Claim

Plaintiff also seeks punitive damages against Burgess. "[A] jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). "While the *Smith* Court determined that it was unnecessary to show actual malice to qualify for a punitive award, . . . its intent standard, at a minimum, required recklessness in its subjective form." *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999). *Smith* refers to a "subjective consciousness" of a risk of injury or illegality and a "criminal indifference to civil obligations." *Smith*, 461 U.S. at 45-48 (quoting *Philadelphia, W. & B.R. Co. v. Quigley*, 62 U.S. 202, 214 (1858).

Plaintiff has sufficiently stated a claim that on April 13, 2019, Burgess acted at least with recklessness or criminal indifference to Plaintiff's federally protected

16

rights. Accordingly, the punitive damages claim against Defendant Burgess should PROCEED.

## V.    Recommendation

As to Plaintiff's claims, as alleged in his Amended Complaint [ECF No. 14], it is recommended that the matter PROCEED, in part, as follows:

1. The claim against Defendant Burgess, in his individual capacity, for the unlawful use of force for the incident alleged on April 13, 2019, should PROCEED.

2. The state tort claims against Defendant Burgess, in his individual capacity, for assault, battery, and sexual battery, for the incident alleged on April 13, 2019, should PROCEED.

3. The claim against Defendant Burgess for mental and emotional injuries should PROCEED.

4. The claim against Defendant Burgess for punitive damages should PROCEED.

5. Any claims related to the incident alleged on May 13, 2019, should be DISMISSED without prejudice as improperly pled and based on misjoinder.

Finally, given the seriousness of the allegations, the Undersigned recommends referring this matter to the Court's Volunteer Attorney Program, where a volunteer attorney may accept the representation on a *pro bono* basis.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a *de novo* determination by the District Court Judge of anything in the recommendation and

will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28

U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

     Signed this 27th day of July, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   Maximo Gomez
      M11644
      Martin Correctional Institution
      Inmate Mail/Parcels
      1150 SW Allapattah Road
      Indiantown, FL 34956
      PRO SE